UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JEREMY WHISTLER and <br> AMANDA WHISTLER, <br><br> Plaintiffs, <br><br> vs. <br><br> STATE FARM FIRE & CASUALTY CO. <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:10CV207 SNLJ <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

This matter is before the Court on two motions by defendant: (1) a Motion to Strike (#15), filed October 6, 2011, and (2) a Motion for Protective Order (#24), filed October 31, 2011. Both motions have been fully briefed.

This is a breach of insurance contract action brought by plaintiffs against their home insurance company, defendant State Farm Fire & Casualty Co. ("State Farm"). Plaintiffs allege that their home was damaged by 100 mile per hour straight-line winds on May 8, 2009, and they allege that State Farm has failed to pay for certain repairs necessary for damage done to the entire house and its foundation. The parties are now in discovery. Plaintiffs named three experts before the expert witness disclosure deadline passed on July 31, 2011. Defendant's counsel deposed those three experts — Shawn Zoellner, Tyler Baer, and Richard Meyer — on August 16. Then, defendant deposed one of its experts, Frank Balistreri, on September 27 in Wisconsin. On September 30, plaintiffs' counsel identified two additional experts, Ken Riehn and Jason Wolk. No reports were provided for any of plaintiffs' experts.

## I. Motion to Strike

Defendant filed a Motion to Strike the two late-disclosed experts (#15). Multiple responsive memoranda have been filed. Plaintiffs explain that Riehn and Wolk will replace Zoellner and Baer as its experts because, at the depositions of Zoellner and Baer, it became clear that neither could provide appropriate expert testimony on behalf of plaintiffs. Both "experts" denied that they were, in fact, experts, and their testimony contradicted that of Richard Meyer, who is an engineer. As a result of that testimony (and apparently after discussing these matters with defense counsel), plaintiffs felt compelled to seek out new experts who could competently testify on their behalf.

Defendant counters that it will be prejudiced if these new experts are permitted to testify because "any additional testimony from these purported experts may require defense counsel to redepose its expert," which — because it will need to occur in Wisconsin — will involve significant travel time and expense. Defendant also complains that plaintiffs have not served defendant with expert reports for these experts or supplied any other information. Finally, defendant says that the plaintiffs' home will need to be re-inspected by defendant's experts if the experts are allowed to testify. Defendant states that, if the experts are permitted to testify, the experts should be required to submit expert reports, the deponents should be required to appear at the cost of the plaintiffs, and the plaintiffs should be responsible for any other costs incurred as the result of any additional depositions that are required.

The Court will permit plaintiffs to designate two additional experts, Ken Riehn and Jason Wolk, out of time. The Court is also sympathetic to defendant's argument that expenses will be incurred as the result of plaintiff's actions; however, it was defendant's choice to retain an expert in Wisconsin rather than a more local expert. The Court is confident that defendant can work

with plaintiffs to contain expenses. For example, depositions — even expert depositions, and particular successive depositions — are frequently held by telephone, which limit travel costs for the attorneys and the witnesses. Plaintiffs will be responsible for reimbursing defendant for reasonable expenses incurred by defendant as the direct result of plaintiffs' late expert designations, including expert witness fees and deposition expenses.[1] Plaintiff shall not be responsible for any attorneys' fees incurred by defendant as the result of this order, however. In addition, plaintiffs shall provide defendant with expert reports for Ken Riehn and Jason Wolk as required by Federal Rule of Civil Procedure 26(a)(2)(B).

## II.    Motion for Protective Order

On October 27, 2011, plaintiffs disclosed the "supplemental" expert report of Richard Meyer. Defendant states that the supplement report expresses opinions that were not expressed at his August 16 depositions. His new opinions are the result of additional inspections of the plaintiffs' home that occurred after his deposition. Defendant has therefore filed a Motion for a Protective Order (#24) requesting that the Court exclude Meyers's October 27 report. Defendant states that it will be prejudiced if the supplemental report is allowed to stand because (1) another deposition of Mr. Meyer will be required, (2) that deposition will need to be provided to all three of defendant's experts (Balistreri, Creutz, and Groblewski), and (3) new depositions may need to be taken for defense experts Balistreri (who lives in Wisconsin) and Creutz. Defendant suggests that such activities will be expensive and time-consuming.

---

[1]Plaintiffs suggest that they should not be held responsible for any additional expenses incurred by their tardy expert designations because it would "be punitive" and "could very well exceed the amount of their claim." The Court is mindful, however, that its jurisdiction over this matter is based on diversity of the parties and that the plaintiffs' claim exceeds $75,000. The plaintiffs' complaint seeks damages amounting to $120,850, plus attorneys' fees. The Court is therefore skeptical of plaintiffs' argument and notes that, if the amount in controversy in this case is less than $75,000, the parties should so inform the Court.

Again, the Court is aware that sometimes parties must periodically amend and supplement expert reports. Plaintiffs shall be permitted to update Mr. Meyers's report out of time. However, the Court will also permit defendant to recover some of its expenses as a result of the expert report's late disclosure. Plaintiffs will be responsible for reimbursing defendant for reasonable expenses incurred by defendant as the direct result of plaintiffs' late supplemental expert report, including expert witness fees and deposition expenses. Again, plaintiff will not be responsible for reimbursing defendant for any attorneys' fees.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Strike (#15), filed October 6, 2011, is **DENIED in part** and **GRANTED in part**. With respect to that Motion,

(1) plaintiffs shall be permitted to designate two additional testifying experts, Ken Riehn and Jason Wolk, out of time;

(2) plaintiffs shall provide defendant with expert reports for Ken Riehn and Jason Wolk as required by Federal Rule of Civil Procedure 26(a)(2)(B), no later than December 15, 2011;

(3) defendant may depose either or both Ken Riehn and Jason Wolk by no later than January 15, 2012;

(4) defendant may re-depose any of its experts by no later than January 31, 2012; and

(5) plaintiffs shall be responsible for reimbursing defendant for reasonable expenses (not to include attorneys' fees) incurred by defendant as the direct result of plaintiffs' late expert designations, including expert witness fees and deposition expenses.

**IT IS FURTHER ORDERED** that defendant's Motion for Protective Order (#24), filed October 31, 2011. is **DENIED in part** and **GRANTED in part**. With respect to that Motion:

(1) plaintiffs shall be responsible for reimbursing defendant for reasonable expenses incurred by defendant as the direct result of plaintiffs' late supplemental expert report, including expert witness fees and deposition expenses; and

(2) any additional depositions required as the result of Mr. Meyers's supplemental expert report shall be taken no later than January 15, 2012.

**IT IS FURTHER ORDERED** that dispositive motions, if any, shall be due on March 15, 2012;

**IT IS FINALLY ORDERED** that the parties may seek additional changes to the discovery or other case deadlines set in this case by filing a motion or requesting a conference call with the Court.

Dated this  23rd  day of November, 2011.

_____
UNITED STATES DISTRICT JUDGE